IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Case No. 2:25-cv-05315

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

WEAVER MARKETS, INC. and ENGLE
PRINTING & PUBLISHING CO., INC.,

    Defendants.

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendants Weaver Markets, Inc. and Engle Printing & Publishing Co., Inc. (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2. Weaver Markets, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 2610 North Reading Road, Denver, PA 17517. Defendant acts as its own agent for service of process at Road 1 Route 897 Reinholds, PA 17569-0.

3. Engle Printing & Publishing Co., Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 1100 Corporate Boulevard, Lancaster, PA 17601. Defendant acts as its own agent for service of process at 1100 Corporate Boulevard, Lancaster, PA 17601.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

**FACTS**

**I.   Plaintiff's Business and History**

6. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

7. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other

professionals needing access to an extensive library of quality photographs.

**II.     The Work at Issue in this Lawsuit**

8. One or more professional photographers employed by Plaintiff's above-named customer created multiple photographs of food items (collectively referred to herein as the "Work") which were allegedly infringed by Defendant as set forth herein. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

9. Each photograph comprising the Work was registered by the above-named customer with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of each Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

10. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

11. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**III.    Defendants' Unlawful Activities**

12. Weaver Markets, Inc. owns and operates a grocery store in Pennsylvania.

13. Engle Printing & Publishing Co., Inc. owns and operates a media company offering printing and publishing services to market its customers' businesses.

14. Defendants advertise/market their businesses through their websites (https://www.weavermarkets.com/ and https://engleonline.com/), social media (e.g., https://www.facebook.com/theweavermarkets, https://www.facebook.com/EnglePrinting/ and https://www.linkedin.com/company/engle-printing-publishing-co-inc/), and other forms of advertising.

15. At all times relevant hereto, Defendants maintained a contractual relationship whereby, upon information and belief, Engle Printing & Publishing Co. created various flyers and/or advertisements that were then published by Defendants in connection with the marketing of Weaver Markets, Inc.'s business.

16. On multiple dates after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on Weaver Markets, Inc.'s website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

17. True and correct copies of screenshots of Weaver Markets, Inc.'s website, webpage, social media, and/or printed media displaying the copyrighted Work, are included in Exhibit "A" hereto.

18. Defendants are not licensed to use or display the Work. Defendants never contacted Plaintiff or its above-named customer to seek permission to use the Work in connection with Defendants' website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work

was not intended for public use.

19. Defendants utilized the Work for commercial use.

20. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendants' unauthorized use/display of the Work in November 2024 and April 2025. Following such discovery, Plaintiff and/or its above-named customer notified Defendants in writing of such unauthorized use.

22. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

26. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

27. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Weaver Markets, Inc.'s

website, webpage, and/or social media.

28. Defendants reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

29. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

30. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

31. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

32. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

35. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: September 16, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
Daniel DeSouza, Esq.